## STEPHENS, governor, vs. MONTGOMERY.

Where a homestead has been set apart, all the beneficiaries are jointly interested in the use of the property, and none of them can sever this use. As one becomes of age or dies, the use survives to the survivors until the homestead ceases by the death or arrival at age of all the beneficiaries, in which event, if the head of the family, whose property was so set apart, survives, he will take the property, discumbered of all use thereof by the former beneficiaries. Pending the joint use, property, set apart under the constitution of 1868, is not subject to levy and sale by virtue of a judgment founded on a contract made by one of the beneficiaries since the adoption of the constitution of 1877, although the head of the family may have died, some of the beneficiares still being minors. Judgment affirmed.

March 10, 1885.

BLANDFORD, Justice.

[A *fi. fa.* in favor of Stephens, governor, against Mrs. N. E. Montgomery was levied on certain land, and the defendant interposed a claim theret(, alleging that the land did not belong to her individually, but was property which had been set apart to her husband as a homestead, and she was merely a beneficiary. The case was submitted to the presiding judge on an agreed statement of facts, which was, in brief, as follows: The husband of the claimant had the property levied on set apart to him, as the head of a family, as a homestead, under the constitution of 1868. He died, leaving his wife, the claimant, and eight children in possession. All of the children have become of age and married, except one, who is a boy of about twenty years of age, and who, with the claimant, is in possession of the land. The claimant is about sixty-five years of age. The *fi. fa.* issued upon a judgment founded upon a contract made by the defendant after the adoption of the constitution of 1877.

The presiding judge held the property not subject, and the plaintiff in *fi. fa.* excepted.]